IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

MIDLAND FUNDING, LLC                                                                    PLAINTIFF

V.                                                       CIVIL ACTION NO. 3:13-cv-00290-SA-SAA

VICTORIA FOTH                                                                          DEFENDANT

## MEMORANDUM OPINION

Before the Court is Plaintiff's Motion to Remand [3]. Upon due consideration of the motion, responses, rules, and authorities, the Court finds as follows:

*Factual and Procedural Background*

Plaintiff, Midland Funding, LLC, filed suit against Defendant Foth in the County Court of Desoto County, Mississippi on July 18, 2013, based on her default on payments under a credit arrangement. Plaintiff served Defendant Foth with the Summons and Complaint on August 29, 2013. On November 15, 2013, Defendant Foth filed an Amended Answer and a Counterclaim raising a federal question issue. Following, on November 22, 2013, Defendant filed a Notice of Removal [1] based on federal question jurisdiction asserted in the Counterclaim. Plaintiff filed a Motion to Remand [3] on December 16, 2013, on the basis that removal was untimely and improperly based on a federal question counterclaim. Additionally, Plaintiff met with counsel for Defendant Roth and informed them of the defects in their Notice of Removal [1] and, as a result of his failure to withdraw the Notice of Removal, seeks attorney's fees pursuant to 28 U.S.C. § 1447(c).

*Standard*

The Judiciary Act of 1789 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the

defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). However, the Defendant must file a Notice of Removal within thirty days of service of the Summons and Complaint, according to 28 U.S.C. § 1446(b)(1)(B). "Failure to comply with the thirty-day time limitation . . . renders the removal procedurally defective." Ingram v. Jones, 1997 US Dist. Lexis 20928 (N.D. Miss. Dec. 16, 1997) (citing Jones v Scogin, 929 F. Supp. 987, 988 (W.D. La. 1996)).

Upon removal of a case, the plaintiff may move to remand, and "if it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). A motion to remand for any defect other than lack of subject matter jurisdiction must be made within thirty days of the filing of the notice of removal. See 28 U.S.C. § 1447(c). Moreover, the Fifth Circuit has held that "ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002) (citing Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000)).

*Analysis and Discussion*

The Plaintiff argues in its Motion to Remand [3], and Foth agrees in her Response to Motion to Remand [5], that the Notice of Removal [1] was defective. Foth was initially served with process on August 29, 2013 but did not file her Notice of Removal [1] until November 22, 2013, well over the thirty days allowed by statute. Because the Notice of Removal [1] was not filed within the required thirty day limit, removal was procedurally defective.

The Notice of Removal [1] was also jurisdictionally defective because the Plaintiff's well-pleaded complaint did not allege any claims invoking federal question jurisdiction, as

required for federal question jurisdiction to be proper. The Defendant's assertion of a federal question counterclaim is not sufficient to create a jurisdictional basis for federal court. A counterclaim cannot serve as the basis for "arising under" jurisdiction. Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831, 122 S. Ct. 1889, 153 L. Ed. 2d 13 (2002).

Plaintiff requests that the Court award costs and fees incurred in responding to the Notice of Removal. Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." However, the Fifth Circuit has held that "[t]here is no automatic entitlement to an award of attorney's fees." Am. Airlines, Inc. v. Sabre, Inc., 694 F.3d 539, 541-42 (5th Cir. 2012) (quoting Valdes v. Wal–Mart Stores, Inc., 199 F.3d 290, 292 (5th Cir. 2000) (holding that the "mere determination that removal was improper" does not require a district court to award attorney's fees)). Further, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005).

The Supreme Court has held that "[t]he appropriate test for awarding fees under § 1447(c) should recognize Congress' desire to deter removals intended to prolong litigation and impose costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." Martin, 546 U.S. at 133, 126 S. Ct. 704. Thus, as the Fifth Circuit has recognized, "[i]n that regard, § 1447(c) fee awards are cost recoupments, hence punitive in policy only." Am. Airlines, Inc., 694 F.3d at 542.

Although Defendant's Notice of Removal [1] was procedurally defective, the Court finds that an award of attorney's fees is not appropriate in this case.

*Conclusion*

For the foregoing reasons, the Court finds removal of this matter is not available based on federal question jurisdiction. Further, the Court finds that the award of costs to Plaintiff is inappropriate.

Accordingly, Plaintiff's Motion to Remand is GRANTED and this matter is hereby REMANDED to the County Court of Desoto County, Mississippi. Additionally, Plaintiff's request for costs is DENIED.

SO ORDERED, this the 29th day of July, 2014.

/s/ Sharion Aycock
**U.S. DISTRICT JUDGE**